103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Dale LARSON, Petitioner-Appellant,
v.
Tana WOOD, Respondent-Appellee.
 No. 95-36023.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 5, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Charles Dale Larson appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Larson contends that: (1) the police did not have probable cause to search his apartment; (2) he was denied a free transcript; (3) he received ineffective assistance of counsel at trial and on appeal; (4) he was erroneously denied a sentencing hearing; (5) a pro tem judge was improperly appointed to serve as his defense counsel; (6) he erroneously received an exceptional sentence; (7) bail jumping charges against him should have been dismissed; (8) hearsay evidence was improperly admitted at his trial; and (9) the trial court should have granted a mistrial after a prosecution witness violated a motion in limine. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm in part, vacate and remand in part.
 
 
 3
 With regard to Larson's first, second, and third claims, we affirm for the reasons stated in the district court's order entered on July 26, 1995.
 
 
 4
 Federal habeas corpus relief lies only for errors of federal constitutional magnitude. See Estelle v. McGuire, 502 U.S. 62, 68 (1991). Accordingly, a writ of federal habeas corpus shall not be granted to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. See id. In some instances, the manner in which state law is applied may be so unfair as to deny a defendant due process. See McGuire, 502 U.S. at 75.
 
 
 5
 Here, Larson's fourth, fifth, and sixth contentions are founded solely upon state law and he does not contend that he is in custody in violation of the Constitution or laws of the United States. Because there is no indication that the state court committed any sort of error in violation of Larson's federal rights, including his right to due process his claims are not cognizable under federal habeas corpus. See id. at 67-68, 75.
 
 
 6
 Larson raised his seventh, eighth, and ninth claims in his appeal to the Washington Court of Appeals and the court affirmed the trial court's judgment. Larson did not seek review of this decision by the Washington Supreme Court. Larson next filed a personal restraint petition in the Washington Court of Appeals and the court refused to consider the claims on the basis that they had been raised and rejected on direct appeal. The court reviewed the remaining claims on the merits and denied the petition. Larson then filed a petition for review of this decision in the Washington Supreme Court. The supreme court agreed with the court of appeals decision not to review the previously raised and rejected claims and did not review them as well. The supreme court then went on to reject the remainder of Larson's claims on the merits. Larson next filed a 28 U.S.C. § 2254 petition in the district court wherein he raised the same three claims. The district court, relying on the state courts' decisions, found that Larson had procedurally defaulted these claims and had not made a showing of cause and prejudice for his default. Accordingly, the court did not review the claims.
 
 
 7
 The last state court rendering a judgment in a case must clearly and expressly rely on procedural default to deny a petitioner relief. See Russell v. Rolfs, 893 F.2d 1033, 1035 (9th Cir.1990); cf. McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir.1995), cert. denied, 116 S.Ct. 1451 (1996). There is no procedural default "merely because issues were raised in a personal restraint petition that had not been previously taken to the state supreme court on direct appeal from the court of appeals." Russell, at 1036.
 
 
 8
 Here, Larson failed to present his claims to the Washington Supreme Court following the court of appeals' affirmance of his judgment and sentence, but Washington law does not require him to do so. See id. at 1036. Larson exhausted his claims by seeking the Washington Supreme Court's discretionary review of the court of appeals's rejection of his personal restraint petition. See id. at 1037. Rather than clearly and expressly stating that it was relying on procedural default when it declined review of Larson's claims, the supreme court relied on the court of appeals' statement that the claims were not subject to review because they had previously been raised and rejected on direct appeal. This does not constitute procedural default. See id. at 1035 n. 3, 1036. The district court therefore erred by finding that these three claims were procedurally defaulted. See id.
 
 
 9
 Accordingly, we vacate the district court's judgment on these three claims and remand so that the district court can address the merits of the claims.
 
 
 10
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.[1]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Larson's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we vacate and remand under the former version of 28 U.S.C. § 2254, we do not address the applicability of the Antiterrorism and Effective Death Penalty Act of 1996